UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHRISTOPHER L. SCRUGGS,

Plaintiff,

v.

NOLEN, et al.,

Defendants.

CAUSE NO. 3:23-CV-669-DRL-SJF

<u>OPINION AND ORDER</u>

Christopher L. Scruggs, a prisoner without a lawyer, filed a motion to compel responses to the request for production directed at the defendants. ECF 122. Under the Federal Rules of Civil Procedure, "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* "Rule 26 vests this Court with broad discretion in determining the scope of discovery, which the Court exercises mindful that the standard for discovery under Rule 26(b)(1) is widely recognized as one that is necessarily broad in its scope in order to allow the parties essentially equal access to the operative facts." *Scott v. Edinburg*, 101 F. Supp. 2d 1017, 1021 (N.D. Ill. 2000). The court has "broad discretion over discovery matters." *Spiegla v. Hull*, 371 F.3d 928, 944 (7th Cir. 2004).

Scruggs proceeds in this case against three defendants on claims of retaliation in violation of the First Amendment and excessive force in violation of the Eighth

Amendment. ECF 5. For purposes of resolving this discovery motion, the relevant claim is the Eighth Amendment claim against Sergeant Nolen and Officer Hopkins for using excessive force against him on November 21, 2022. According to the complaint, Sergeant Nolen and Officer Hopkins escorted Scruggs to the medical unit for insulin shots. ECF 2. At the medical unit, Scruggs repeatedly told medical staff that Sergeant Nolen was "gay" and a "fag," so Sergeant Nolen and Officer Hopkins took him to a caseworker's office. *Id.* According to Scruggs, the caseworker's office is where use-of-force incident occurred. *Id.*

On January 21, 2026, Scruggs served requests for production on the defendants. ECF 95. On March 18, 2026, the defendants responded to Request No. 14 as follows:

> **Request No. 14:** Please produce the WCU facility in a produceable form (photos or videos) starting with Scruggs' room at the time B-8-202 which show the bed, the walk to medical (B-Pod), the medical room (B-Pod), the walk to the caseworker's hallway room where Scruggs stated that he was attached – which show the inside of the room from the door – which show facing the gate from the back table wall, which show the gate from the out and inside, then which show the little room inside the gate, and then which show the walk back to Scruggs' room B-8-202. As you cannot produce the building into the courtroom, produce a video of this walk.
>
> **Response:** Objection, this request is overbroad, unduly burdensome, vague, and confusing as to the information it seeks. This request also seeks the creation of evidence that does not currently exist.

ECF 109 at 6.

In the motion to compel, Scruggs explains that he needs this discovery "to show a jury the walk and how long I was out of my room, v. how long I should have been out of my room, the distance to these other parts of the facility, where I was attacked, and the gate I was thrown into." The defendants respond that they do not currently possess

2

such photographs or video recordings and that they are not required to produce evidence that does not exist or create evidence. They also argue that the photographs and video recordings would have little probative value and would be disproportionate to the needs of this case given that the same facts may be established through testimony and other forms of discovery.

Scruggs contends that the photographs and video recordings are merely copies of the prison building and that parties routinely create and produce copies of electronic files that exist on hard drives during the course of discovery. He also contends that State defendants have complied with similar requests in other cases.[1] He alternatively proposes that he be allowed to take photographs of these areas on his own by using "photo tickets," which inmates can purchase to take photographs of themselves. He further contends that such photographs and video recordings would have probative value because "a picture is worth a thousands words." He declines to give a more detailed explanation as to their material relevance because he does not wish to disclose his trial strategy.

> (a) In General. A party may serve on any other party a request within the scope of Rule 26(b):
>
> > (1) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control:
> >
> > > (A) any designated documents or electronically stored information— including writings, drawings, graphs, charts, photographs, sound

---

[1] Scruggs filed a motion for leave to file additional exhibits in support of his motion to compel, which the court grants. ECF 135. According to Scruggs, these exhibits are photographs that he received in the course of discovery in other cases.

recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form; or

(B) any designated tangible things; or

(2) to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

(b) Procedure.

\* \* \*

(2) Responses and Objections.

\* \* \*

(B) Responding to Each Item. For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons. The responding party may state that it will produce copies of documents or of electronically stored information instead of permitting inspection.

Fed. R. Civ. P. 34.

The court agrees that the Federal Rules of Civil Procedure do not require the defendants to produce recordings or documents that do not exist and also do not require them to create evidence in response to requests for production. The fact that Scruggs may have received such discovery responses in other cases does not change the defendants' discovery obligations here. While it is true that the defendants have provided copies of video recordings in this case, Rule 34(b)(2)(B) permits them to do this in lieu of allowing Scruggs to inspect them on the governmental hard drives and

4

make copies on his own. Moreover, it seems readily apparent that a photograph or video recording is not a copy of a building in the same sense that a file on a flash drive is an identical copy of a file on a governmental server. Consequently, the court declines to order the defendants to produce the requested materials.

Though Fed. R. Civ. P. 34(a)(2) offers some support for his alternative proposal, the court also declines to compel the defendants to allow Scruggs to use "photo tickets" to photograph these areas of a prison on his own. Significantly, there is no indication that any of the defendants have the authority needed to implement this proposal. Further, Scruggs has not demonstrated the material necessity of the requested materials. Locations, the distances between them, and physical descriptions can be established through testimony, and there is no indication that these topics are material to the ultimate issues in this case or are subject to a dispute among the parties. While Scruggs may have other reasons for seeking these discovery materials, he has not disclosed these reasons, and, while he is not required to do so at this time, the court cannot account for or assess reasons that have not been provided to the court.

Additionally, the court cannot ignore that Scruggs is housed in the Westville Control Unit, a maximum-level security facility. He has demonstrated substantial personal animosity with correctional officers in this case and has a substantial prison disciplinary history as demonstrated by his other cases filed in this court. It seems fair to assume that Scruggs would not be seeking court intervention if he could persuade prison officials to allow him to take photographs on his own. *See Bell v. Wolfish*, 441 U.S. 520, 547 (1979) (prison officials must be "accorded wide-ranging deference" on issues

5

related to security of the facility). Due to the security concerns and the apparently limited probative value, the court finds that his request to take photographs of the facility on his own is disproportionate to the needs of the case. Therefore, the court will deny the motion to compel.

Scruggs filed a motion to extend the deadline to respond to discovery request, and the defendants filed a motion to extend the deadline to file dispositive motions. ECF 114, ECF 124. The parties have since submitted these filings, so the court grants these motions by accepting them as timely filed. ECF 115, ECF 127. Scruggs filed a motion to extend the deadline to complete discovery. ECF 117. The court denies this motion because there appears to be no outstanding discovery matters following the resolution of the motion to compel detailed above. Scruggs also filed a motion to extend the deadline to file a response to the motion for summary judgment because he received the motion late and because he has other obligations in his other legal cases. ECF 136. For good cause shown, the court will grant this motion.

Finally, Scruggs filed a motion for copies of the summary judgment filings but has since filed a motion seeking to withdraw the motion for copies. ECF 134, ECF 137. The court will grant the motion to withdraw.

For these reasons, the court:

(1) GRANTS the motion to file additional exhibits (ECF 135);

(2) DENIES the motion to compel (ECF 122);

(3) DENIES the motion to extend the deadline to complete discovery (ECF 117);

(4) GRANTS the motion to extend filing deadlines (ECF 114, ECF 124, ECF 136);

(5) EXTENDS the deadline to respond to motion for summary judgment (ECF 127) to August 10, 2026;

(6) GRANTS the motion to withdraw the motion for copies (ECF 137); and

(7) DIRECTS the clerk to terminate the motion for copies (ECF 134).

SO ORDERED on July 10, 2026.

s/Scott J. Frankel
Scott J. Frankel
United States Magistrate Judge